UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ARKADII RAMONOV,

                Petitioner,

v.

KRISTI NOEM et al.,

                Respondents.

_____/

Case No. 1:26-cv-350

Honorable Jane M. Beckering

**<u>DISMISSAL ORDER</u>**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center in Baldwin, Lake County, Michigan, initiated this action on February 2, 2026, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) In this action, Petitioner challenges his detention following the § 1226(a) bond hearing that was held in Immigration Court following the entry of this Court's Opinion and Judgment in *Ramanov v. Noem* (*Ramanov I*), No. 1:25-cv-1840 (W.D. Mich.). As relief, Petitioner asks the Court to order Petitioner's immediate release from custody or to direct Respondents to provide Petitioner with a new § 1226(a) bond hearing. (Pet., ECF No. 1, PageID.13.)

Prior to filing the present action, Petitioner filed several post-judgment motions in *Ramanov I*, which also challenged his detention following the § 1226(a) bond hearing that was held in Immigration Court following the entry of this Court's Opinion and Judgment in *Ramanov I*. The post-judgment motions in *Ramanov I* sought the same relief that Petitioner seeks in the present action—a new § 1226(a) bond hearing or immediate release from custody. Because Petitioner filed

the post-judgment motions in *Ramanov I* prior to filing the present new action, the Court first addressed Petitioner's post-judgment motion in *Ramanov I*. Specifically, in an Order entered on February 24, 2026, the Court granted Petitioner's motion to enforce the Court's Judgment in *Ramanov I* and ordered Respondents to:

> provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence within five business days of the date of this Court's Opinion and Judgment with notice to the parties as soon as practicable, not later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.

Order, *Ramanov I*, No. 1:25-cv-1840 (W.D. Mich. Feb. 24, 2026), (ECF No. 26). The Court further ordered Respondents to file a status report to certify compliance with the Court's February 24, 2026, Order within six business days. *Id.*

On March 4, 2026, Respondents filed a status report in *Ramanov I*, indicating that a § 1226(a) bond hearing had been held on March 3, 2026, in response to this Court's February 24, 2026, Order, and that in a written decision, the Immigration Judge had denied Petitioner's request for a bond, stating: "Flight risk. Missed numerous [Alternatives to Detention] check-ins." Status Report & Bond Order, *Id.*, (ECF Nos. 27, 27-1). Thereafter, on March 13, 2026, Petitioner filed a second emergency motion to enforce judgment in *Ramanov I*. Mot., *Id.*, (ECF No. 28).

As part of its inherent power to administer its docket, a District Court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation." (citations omitted)); *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). "The power to dismiss a duplicative lawsuit is meant to foster judicial economy

and the 'comprehensive disposition of litigation.'" *Curtis*, 226 F.3d at 138 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

Here, the Court's February 24, 2026, Order in *Ramanov I* provided Petitioner with the relief that Petitioner seeks in the present action—i.e., ordering that Respondents hold a new § 1226(a) bond hearing or immediately release Petitioner from custody. Order, *Ramanov I*, No. 1:25-cv-1840 (W.D. Mich. Feb. 24, 2026), (ECF No. 26). And, thereafter, Respondents held a § 1226(a) bond hearing on March 3, 2026. Status Report, *Id.*, (ECF No. 27). Although Petitioner recently filed a second emergency motion to enforce judgment in *Ramanov I*, the issues raised, and the relief sought, in Petitioner's present § 2241 petition (ECF No. 1) were resolved by the Court's February 24, 2026, Order in *Ramanov I* and the holding of the March 3, 2026, § 1226 bond hearing in Immigration Court.

Accordingly, for the reasons set forth above, the Court will enter a Judgment dismissing this action without prejudice as moot.[1]

Dated:      March 24, 2026                        /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge

---

[1] The entry of this Dismissal Order and the corresponding Judgment, which will resolve this action, moots Petitioner's request for expedited consideration of the present action. (ECF No. 2.)